UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON J. RAPCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2362 PLC |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court[1] on the motion filed by Acting Commissioner Nancy A. Berryhill ("Defendant") to reverse the decision of the Administrative Law Judge ("ALJ") and remand the case to Defendant for further administrative proceedings pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) [ECF No. 16]. Plaintiff has no objection to the motion and asks the Court to grant it [ECF No. 17].

On September 5, 2017, Plaintiff filed a complaint seeking review of Defendant's final decision, the ALJ's decision, denying Plaintiff's application for benefits under the Social Security Act [ECF No. 1]. Defendant filed her answer and a transcript of the administrative proceedings, and Plaintiff filed a brief in support of the complaint, along with Plaintiff's statement of uncontroverted material facts [ECF Nos. 6, 7, 12, and 13, respectively].

In his brief, Plaintiff challenges the ALJ's alleged failure to fully and fairly develop the record, to properly evaluate opinion evidence, and to properly consider step two of the required five-step analysis. In general, these challenges to the ALJ's decision focus on: (1) the absence from the record of weekly or monthly progress notes and post-2014 annual reports prepared by

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) [ECF No. 4].

Community Support Specialists ("CSS") who regularly provide Plaintiff with assistance in daily living activities and social functioning, and (2) the ALJ's allegedly limited or non-existent consideration of observations and opinions by the CSS who have cared for and evaluated Plaintiff.

On March 19, 2018, Defendant filed her motion asking the Court to enter a final judgment reversing the decision of the ALJ and remanding the case to Defendant under sentence four of 42 U.S.C. § 405(g). Defendant represents that, upon review of the record, counsel for Defendant determined that "remand [i]s necessary for further evaluation of Plaintiff's claim." In particular, Defendant states remand will include "consider[ation of] the community support services that Plaintiff receives in evaluating his level of functioning."[2]

Sentence four of 42 U.S.C. § 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand under sentence four of Section 405(g) is proper when remand occurs after the defendant files an answer and the remand's "apparent purpose . . . [is] to prompt additional factfinding and further evaluation of existing facts." Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (reversing a remand under sentence six of Section 405(g) based on the defendant's motion to remand under sentence four of Section 405(g) so the defendant could "further evaluate [the plaintiff]'s ability to perform past relevant work"). More specifically, the Eighth Circuit concluded a remand order that "directs [Defendant] to cure some specific defect in the administrative proceeding, such as the ALJ's failure to develop the record or to properly evaluate the evidence" is a sentence four, rather than a sentence six, remand. Id. at 1011.

---

[2] Defendant also states the Court's entry of "the final judgment remanding this case [under sentence four of Section 405(g)] will begin the appeal period which determines the 30-day period during which a timely application for attorney's fees may be made under the Equal Access to Justice Act. See 28 U.S.C. § 2412."

Upon review of Plaintiff's brief in support of his complaint, the ALJ's decision, and Defendant's unopposed motion, the Court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. After careful consideration,

**IT IS HEREBY ORDERED** that Defendant's unopposed motion to reverse and remand [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

A separate judgment in accordance with this Memorandum and Order is entered this date.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2018